# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0366V
Filed: June 7, 2017
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BRADLEY J. RICHARDSON, | \* |
| | \* |
| Petitioner, | \* |
| v. | \* |
| | \*   Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | \*   Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Isaiah R. Kalinowski, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Jennifer L. Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 10, 2015, Bradley J. Richardson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome as a result of receiving an influenza ("flu") vaccine on November 1, 2012. On November 18, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 42).

On May 17, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 47). Petitioner requests attorneys' fees in the amount of $26,852.00, and attorneys' costs in the amount of $1,909.02, for a total amount of $28,761.02. *Id.* at 1-2. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compliance with General Order #9, petitioner has filed a signed statement indicating he incurred no out-of-pocket expenses.

On June 5, 2017, respondent filed a response to petitioner's motion.  (ECF No. 48).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On June 7, 2017, petitioner filed a reply.  (ECF No. 49).  Petitioner argued that respondent's position regarding petitioner's fee application is overly burdensome on the Court and prejudices petitioner.  *Id.* at 2.  Petitioner further argued that he has met his burden of establishing reasonable fees and costs and requests that his fees be paid and his costs reimbursed.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.  However, the undersigned reduced the award to reflect a rate of reduction for travel time.

In September 2015, Mr. Kalinowski billed a total of 6.4 hours for travel time, amounting to a total of $2,182.40.  ECF No. 47. Ex. 18 at 7-8.  The undersigned reduces these hours by 50%.  In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate.  *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).  However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits."  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). This results in a reduction of $1,091.20.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

2

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---|
| Requested attorneys' fees and costs: | $ 28,761.02 |
| Less 50% reduction for 6.4 travel hours: | $ - 1,091.20 |
| Adjusted total: | $ 27,669.82 |

**Total Attorneys' Fees and Costs Awarded:** **$ 27,669.82**

**Accordingly, the undersigned awards the total of $27,669.82,[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Isaiah Kalinowski of Maglio Christopher & Toale, PA.[4]**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                   **s/Nora Beth Dorsey**
                                                   Nora Beth Dorsey
                                                   Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Petitioner requests that the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.